UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **DIANNE MORRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:16CV1752  HEA |
| | ) | |
| **SAINT LOUIS UNIVERSITY, et al.,** | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW, Plaintiff, by and through counsel, and in support of her Second Amended Complaint against Defendants states:

**THE PARTIES**

1. Plaintiff is an African-American female and at all times mentioned herein, was and is a resident of St. Louis County, Missouri.

2. At all times mentioned herein, Defendant St. Louis University was and is an institution of higher learning and operated St. Louis University School of Law ("School of Law") in the City of St. Louis under a charter issued by the State of Missouri.

3. Defendant St. Louis University is an employer as defined by Mo. Rev. Stat. §213-010(7) in that, it employed 6 or more employees in the State of Missouri.

4. At all times relevant herein, Defendant Woods is and was the Dean of Administration for the School of Law and the person acing directly in the

interest of the School of Law and had authority over Plaintiff's continued employment, terms and conditions of employment and employment status.

5. At all times relevant herein, Defendant Johnson is an employer within the meaning of Mo. Rev. Stat. §213-010(7) in that, Defendant Johnson was the interim Dean for the School of Law acting directly in the interest of the School of Law, and who had authority over Plaintiff's continued employment, terms and conditions of employment and employment status.

## VENUE

6. Venue is proper pursuant to R.S.Mo. § 508.010.4 and 28 U.S.C. § 1446(a); E.D. Mo.L.R. 2.07(A)(1).

## GENERAL ALLEGATIONS

7. In August 1982, Plaintiff was hired by Defendant St. Louis University and assigned to the School of Law. At all times relevant herein, Plaintiff was the Events Specialist for the School of Law under the direct supervision of Defendant Woods and when Defendant Johnson was the interim Dean for the School of Law in the fall of 2010.

8. At all times relevant herein, Plaintiff suffered from a serious medical condition, including depression and anxiety attacks, which required her to take intermittently under approved Family Medical Leave ("FML") and other reasonable accommodation for her disability. With reasonable accommodation, Plaintiff successfully performed her essential functions as the Events Specialist.

9. On September 28, 2010, Plaintiff informed Defendant Woods of her need to take FMLA leave because her doctor changed her medication to treat her diagnosed condition. After taking the first dose, Plaintiff was unable to sleep.

10. On Sepember 29, 2010, Plaintiff reported to work at 5:30 a.m. to catch up on her work load. Because she was experiencing side effects from the new medication, she sent an email to Defendant Woods requesting permission to take FML because she was feeling sick. Defendant Woods refused to allow her to leave work, stating that she needed Plaintiff during the day. Plaintiff remained at work fearing reprisals from Defendant Woods and suffered an anxiety attack while attending a meeting with others at the School of Law.

11. On or about October 1, 2010, Plaintiff was informed that she would not be allowed to return to work unless and until released by her physician. When Plaintiff was released to return to work on October 4, 2010, Defendants refused to allow her to return to work, placing her on administrative suspension, without pay.

12. Despite the request of Plaintiff, Defendant St. Louis University, refused to engage in an interactive process of attempting to accommodate Plaintiff's disability and terminated her employment effective January 10, 2011.

13. If Defendants afforded Plaintiff reasonable accommodation, Plaintiff would have been able to successfully perform her duties.

14. Plaintiff filed a timely charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity

Commission ("EEOC") alleging that she was suspended and discharged due to her disability and her race (African-American).

15. On May 3, 2012, the MCHR issued Plaintiff a right-to-sue under the Missouri Human Rights Act, Chapter 213 *et seq.*, as amended ("MHRA").

## COUNT I – DISABILITY DISCRIMINATION UNDER THE MHRA

16. Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1 through 15 and incorporates same herein by reference.

17. Plaintiff has met all of the administrative prerequisites for bringing this action for disability discrimination.

18. Plaintiff's serious diagnosed medical condition constitutes a disability under the MHRA because it substantially limits her major life activities.

19. Plaintiff performed the essential functions of her position as an Events Specialist with reasonable accommodation, including job restructuring and modifications, adequate rest periods and intermittent leaves of absence.

20. Defendant St. Louis University, by and through its employees, including Defendant Woods, subjected Plaintiff to a hostile work environment, unjustified criticism of her work, held Plaintiff to a higher standard of performance and failed to provide to her adequate support staff to perform her duties, because of her disability and subjected her to disparate treatment when compared to non-disabled employees.

21. Defendants intentionally engaged in unlawful employment practices, in violation of the MHRA, by failing to reasonably accommodate Plaintiff's

4

impairments and subjecting her to a hostile work environment due to her disability and in suspending and ultimately terminating her employment.

22. As a proximate result of Defendants' conduct, Plaintiff is entitled to equitable relief, including a permanent injunction, declaratory judgment, reinstatement and/or front pay and to order Defendants to reasonably accommodate Plaintiff's physical impairments.

23.  As a proximate result of Defendants conduct, Plaintiff has lost, and will continue to lose, compensation and benefits of employment and has, and will continue to, suffer emotional pain, humiliation, embarrassment, mental anguish and loss of enjoyment of life, unless and until equitable relief if granted.

24. Defendants' actions were intentional, willful, wanton, malicious and/or outrageous because of their evil motive and/or reckless indifference to the rights of Plaintiff under the MHRA, entitling Plaintiff to punitive damages.

25. As a result of Defendants' unlawful employment practices, Plaintiff has incurred and will continue to incur reasonable attorney's fees and costs in connection with this matter.

**WHEREFORE**, Plaintiff respectfully prays that this Court, after a trial by jury, find that Defendants engaged in an unlawful employment practice under the laws of the State of Missouri and grant Plaintiff judgment against Defendants in an amount sufficient to compensate Plaintiff for physical, mental and emotional anguish and injury, lost wages, back pay, front pay and lost benefits; award Plaintiff punitive damages in an amount sufficient to punish Defendants and deter such conduct in the future; order Defendants to pay all costs of this suit including

reasonable attorney fees; and grant any further relief that the Court deems just and proper.

## COUNT II – RACE DISCRIMINATION UNDER THE MHRA

26. Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1 through 15 and incorporates same herein by reference.

27. Plaintiff has met all of the procedural prerequisites for the bringing of this action for race discrimination.

28. Defendant St. Louis University, by and through its employees, including Defendant Woods, subjected plaintiff to a hostile work environment, unjustified criticism of her work, held plaintiff to a higher standard of performance and failed to provide to her adequate support staff to perform her duties, because of her race and subjected her to disparate treatment when compared to non-African American employees.

29. Defendants intentionally engaged in unlawful employment practices, in violation of the MHRA, subjecting her to a hostile work environment due to her race and suspending and ultimately terminating her employment.

30. As a proximate result of Defendants' conduct, Plaintiff is entitled to equitable relief, including a permanent injunction, declaratory judgment, reinstatement and/or front pay.

31. As a proximate result of Defendants' conduct, Plaintiff has lost, and will continue to lose, compensation and benefits of employment and has, and will

continue to, suffer emotional pain, humiliation, embarrassment, mental anguish and loss of enjoyment of life, unless and until equitable relief if granted.

32. Defendants' actions were intentional, willful, wanton, malicious and/or outrageous because of their evil motive and/or reckless indifference to the rights of Plaintiff under the MHRA, entitling Plaintiff to punitive damages.

33. As a result of Defendants' unlawful employment practices, Plaintiff has incurred and will continue to incur reasonable attorney's fees and costs in connection with this matter,

**WHEREFORE,** Plaintiff respectfully prays that this Court, after a trial by jury, find that Defendants engaged in an unlawful employment practice under the laws of the State of Missouri and grant Plaintiff judgment against Defendants in an amount sufficient to compensate Plaintiff for physical, mental and emotional anguish and injury, lost wages, back pay, front pay and lost benefits; award Plaintiff punitive damages in an amount sufficient to punish Defendants and deter such conduct in the future; order Defendants to pay all costs of this suit including reasonable attorney fees; and grant any further relief that the Court deems just and proper.

Respectfully submitted,

/s/ Vincent A. Banks III
Vincent A. Banks III, #51404
800 Washington Avenue, Ste. 134
St. Louis, MO 63101
314-409-7920
314-241-5298 (fax)
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been sent electronically and via U.S. Mail, this 17th day of November, 2016 to LEWIS, RICE & FINGERSH, L.C., Neal F. Perryman, nperryman@lewisrice.com, Sarah Mullen, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101, smullen@lewisrice.com, Attorneys for Defendants.

/s/ Vincent A. Banks III