# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DIANNE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1752 HEA |
| | ) | |
| ST. LOUIS UNIVERSITY, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Plaintiff's First Amended Complaint Dismissing Count III of Plaintiff's First Amended Complaint [Doc. No. 13], and Plaintiff's Motion to Remand, [Doc. No. 14]. Defendants Oppose the Motions. For the reasons set forth below, the Motions are granted, subject to the stated conditions. This matter will be remanded to the Circuit Court of St. Louis City.

On July 30, 2012, Plaintiff filed a Petition in St. Louis Circuit Court alleging disability and race discrimination in violation of the Missouri Human Rights Act, (MHRA), Chapter 213, *et seq.,* as amended. On October 27, 2016, Plaintiff was granted leave to amend the initial Petition to include Count III alleging a violation of the Family Medical Leave Act, (FMLA). Defendant removed this case based on

the Court's federal question jurisdiction. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the MHRA claims. Plaintiff now seeks to voluntarily dismiss the FMLA claim, thereby leaving only state law claims, *i.e.*, the matter will no longer contain any federal claims. As such, Plaintiff seeks remand of the MHRA claims.

Defendants oppose remand and ask the Court to exercise its discretion to retain supplemental jurisdiction over the remaining Missouri State law claims.

Under 28 U.S.C. § 1367(a) and (c)(3), the Court has discretion to "decline to exercise supplemental jurisdiction over" related state-law claims if the Court "has dismissed all claims over which it has original jurisdiction." That discretion enables the Court to retain jurisdiction over the plaintiffs' state-law claims, remand them to state court, or dismiss them. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n. 7; *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1013 n. 5 (8th Cir. 2017); *accord Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (explaining that where "resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction."

The Court has carefully reviewed Plaintiff's state-law claims and the relevant factors and finds no compelling reason to exercise supplemental jurisdiction in this case, particularly given the trial setting in the state court. The Court will remand the plaintiffs' state-law claims to state court, however, the Court is mindful of Defendant's expenditure of time and funds defending the FMLA claim in removing the action. As such, the Court agrees that Plaintiff is subject to the following conditions in the event she seeks to reinstitute her FMLA. Plaintiff shall be required to reimburse Defendants their attorneys' fees and costs incurred in the removal and subsequent remand in the event that Plaintiff ever re-files her FMLA claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Plaintiff's First Amended Complaint Dismissing Count III of Plaintiff's First Amended Complaint [Doc. No. 13], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 14], is **GRANTED**.

**IT IS FURTHER ORDERED** that in the event Plaintiff re-files her FMLA claim, Plaintiff shall reimburse Defendants their attorneys' fees and costs associated with the removal and subsequent remand of this matter.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit

Court for the City of St. Louis, Missouri.

Dated this 21st day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE